**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO**

**DANIEL LYON,**

    **Plaintiff,**

v.                                                 Case No. 1:24-cv-00003-JFR-SCY

**ANDRUS TRANSPORTATION SERVICES
INC. AND ROBERT TIMMONS,**

    **Defendants.**

## DEFENDANT ANDRUS TRANSPORTATION SERVICES INC.'S AND ROBERT TIMMON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES AND JURY DEMAND

**COME NOW** Andrus Transportation Services Inc. and Robert Timmons (hereinafter "Defendants"), by and through their counsel of record, Lewis Brisbois Bisgaard & Smith (Abigail R. Wolberg and Mariam A. Sher), and hereby submit their Answer to Plaintiff's First Amended Complaint to Recover Damages for Personal Injuries and Jury Demand (the "Complaint"). In support of their Answer to Plaintiff's Complaint, Defendants state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore deny same.

2. Defendants admit only that Andrus Transportation is a motor carrier, Defendant is a Utah corporation. The remaining allegations in this paragraph call for a legal conclusion and thus, do not warrant a response. To the extent a response it required, Defendant Andrus denies same and demands proof thereof..

1

3. Defendants admit only that Mr. Timmons is a resident of Idaho. He denies that he was or has done business in New Mexico. The remaining allegations in this paragraph call for a legal conclusion and thus, do not warrant a response. To the extent a response it required, Defendant Andrus denies same and demands proof thereof.

4. Defendants are without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore deny the same.

5. Defendants are without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore deny the same.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint state a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admits that Robert Timmons was driving a truck for Defendant Andrus Transportation. Defendants deny that Andrus Transportation was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiff.

9. Paragraph 9 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants state that New Mexico law on vicarious liability speaks for itself. Defendants further deny that they were negligent in any respect or that they breached any duty or obligation whatsoever to Plaintiff.

10. Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint.

## COUNT ONE: NEGLIGENCE AND PUNITIVE CONDUCT OF DEFENDANT ROBERT TIMMONS

16. Defendants incorporates paragraphs 1 – 15 above by reference as though fully set forth herein.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. The allegations in this paragraph call for a legal conclusion and thus, do not warrant a response. To the extent a response it required, Defendant Andrus denies same and demands proof thereof.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

## COUNT TWO: NEGLIGENCE AND PUNITIVE CONDUCT OF ANDRUS TRANSPORTATION SERVICES, INC.

22. Defendants incorporate paragraphs 1 – 21 above by reference as though fully set forth herein.

23. Paragraph 23 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants state that New Mexico law on vicarious liability speaks for itself. Defendants admit Mr. Timmons was an

employee of Andrus Transportation. Defendants further deny that they were negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiff.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## COUNT THREE: NEGLIGENCE AND PUNITIVE CONDUCT OF WMC STEEL, LCC

29. Defendants incorporate paragraphs 1 – 28 above by reference as though fully set forth herein.

30. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence and vicarious liability speaks for itself.

31. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence speaks for itself.

32. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence speaks for itself.

33. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 33 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence speaks for itself.

34. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence speaks for itself.

35. Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 35 of Plaintiff's Complaint and deny the same. To the extent a response is deemed required, Defendants state that New Mexico law on negligence speaks for itself.

## DAMAGES

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable to a jury.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Complaint's that is not affirmatively admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint should be dismissed, in whole or in part, to the extent Plaintiff fails to state a claim upon which relief can be granted and fails to plead facts sufficient to support the claims alleged.

2.	Plaintiff's claims are barred and/or damages should be apportioned to the extent the injuries claimed by Plaintiff are the proximate result of a subsequent injury and/or a pre-existing condition and/or are not the proximate result of the alleged incident.

3.	Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his alleged damages. Any recovery which may otherwise ensue must either be barred or reduced accordingly.

4.	If Defendants were negligent, which is specifically denied, then Plaintiff and/or other parties, either known or unknown, were also negligent, which negligence proximately caused some or all of Plaintiff's alleged damages, thereby precluding any recovery against Defendants, or in the alternative, proportionally reducing any recovery against Defendants under the doctrine of comparative fault.

5.	Plaintiff's alleged injuries and damages are barred to the extent they were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way proximately caused by Defendants and for which Defendants are not liable.

6.	Pending discovery, Plaintiff's damages are the result of an unavoidable accident or unforeseen or unknown causes, for which Defendants may not be held liable.

7.	Defendants have not knowingly or intentionally waived any applicable defense or claim in this matter and reserve the right to amend and/or supplement their pleading and/or these defenses to Plaintiff's Complaint when additional facts or information may become known to Defendants.

8.	Additional facts may come to light supporting additional affirmative defenses and Defendants reserve the right to raise such other and further affirmative defenses, including but not limited to any matter of avoidance or affirmative defense under Rule 1-008(C) NMRA.

WHEREFORE, Defendants request Plaintiff's claims be dismissed with prejudice and/or that judgment be entered against Plaintiff, and in favor of Defendant, awarding it costs, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted:

        */s/*Mariam A. Sher
        Abigail R. Wolberg
        Mariam A. Sher
        Lewis Brisbois Bisgaard & Smith LLP
        8801 Horizon Blvd. NE, Suite 300
        Albuquerque, NM 87113
        T:505.545.8305
        F: 505.828.3900
        Abigail.Wolberg@lewisbrisbois.com
        Mariam.Sher@lewisbrisbois.com
        *Attorneys for Defendant Andrus Transportation Services Inc. and Robert Timmons*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2024, I filed the foregoing electronically through the Court's CMECF e-filing system, which caused the following parties to be served by electronic means, as per the Notice of Electronic Filing:

Michael R. Cowen
Laura Pazin Porter
BEGUM & COWEN, PLLC
6243 W IH-10, Ste. 801
San Antonio, TX 78201
(210) 941-1301 - Phone
(210) 880-9461 - Fax
laura@cowenlaw.com
efilings@cowenlaw.com
*Attorneys for Plaintiff*


*/s/ Cheryl Faithe*
Cheryl Faithe