IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL LYON,

      Plaintiff,

vs.                                                  Civ. No. 24-3 JFR/SCY

ANDRUS TRANSPORTATION
SERVICES, INC.; ROBERT TIMMONS;
and WMC STEEL, LLC,

      Defendants.

## ORDER TO FILE RULE 7.1 NOTICE

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendants Andres Transportation Services, Inc. and Robert Timmons on January 2, 2024. Doc. 1. Defendants removed this action to federal court citing diversity jurisdiction. *Id.* at 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The notice of removal alleges that Defendant Robert Timmons "currently resides at, and resided at all times relevant hereto in Idaho." Doc. 1 ¶ 9. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).[1]

---

[1] The notice of removal also alleges that Defendant WMC Steel, LLC, "is a Texas corporation with its principal place of business" in Texas. Doc. 1 ¶ 11. But determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Defendant WMC Steel, however, has fixed this issue by filing a disclosure statement that provides the citizenship of all its members, indicating it is indeed a citizen of Texas. Doc. 7.

Defendant Timmons also did not file a disclosure statement as to his own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court.").[2]

The Court will give the removing Defendants the opportunity to cure and allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Defendant Timmons file a disclosure statement that fully complies with Rule 7.1(a)(2) no later than **March 26, 2024**.

**IT IS FURTHER ORDERED** that if Defendant Timmons does not file a disclosure statement showing the facts necessary to sustain diversity jurisdiction by March 26, 2024, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Defendant Andrus Transportation Services has a properly alleged its citizenship, Doc. 1 ¶ 8, and so it is not the topic of this Order, it has also not filed a disclosure statement under Rule 7.1 and is reminded if its duty to do so.